DENNIS KANE, PLAINTIFF, DEFENDANT IN ERROR, v. BABCOCK & WILCOX COMPANY, DEFENDANT, PLAINTIFF IN ERROR.

Argued July 3, 1907—Decided November 18, 1907.

1. The duty of the employer to exercise reasonable care and skill in furnishing suitable and safe machinery and in keeping such machinery and appliances in repair is not ended by the selection of a competent person to do the work.
2. The delegation of such duty to a co-employe will not, under the doctrine of co-service, defeat an action for negligence by an employe where the delinquent was discharging one of the personal duties of the employer.
3. Where the employer is a corporation, the performance of such delegated duty by the sub-agent or employe is the act of the corporation, and it is responsible for its faithful and prudent performance to the same extent as if the service was performed by the highest officer of the corporation.

In tort. On error to the Hudson Circuit Court.

For the plaintiff, defendant in error, *John W. Queen.*

For the defendant, plaintiff in error, *Thomas F. Noonan.*

The opinion of the court was delivered by

DILL, J. In an action by an employe to recover damages from the employer, arising out of an injury to the hand and the loss of the third finger, it appears that he was employed to operate a machine for expanding tubular boilers, and while thus engaged his hand was caught in a chain belt, by which power was transmitted to the machine, and he lost one finger from his left hand.

The judgment was upon the theory that the defendant corporation failed to exercise reasonable care and skill in furnishing him with a safe machine, and in keeping the machine and appliances in repair.

The power was transmitted to the expanding machine upon which the plaintiff worked from an axle about ten feet above the floor, through a chain belt which connected with the axle above by a loose sprocket wheel, and with the machine by a similar sprocket wheel. The connection was made by a lever which ran from the ceiling around the sliding clutch, to which it was fastened by two bolts along the wall back of the machine. On the sprocket wheel and the sliding clutch were jaws which came together and united. To turn on the power the lever was pushed to the right and fastened with a hook in the lever to a staple in the wall. To turn off the power the lever was moved to the left and similarly fastened to another staple by a hook at the bottom of the lever. There was a key, four or five inches long, located on the inside of the sliding clutch.

On the Saturday prior to the accident, in the morning, the bolts which fastened the lever to the sliding clutch, and also the key, fell out. The plaintiff at once reported to Kearney, the foreman in charge, that the machine was out of order, and he examined the machine and said he would have it fixed

that afternoon after the shop shut down. On Monday morning the plaintiff found the machine had not meanwhile been fixed, and again he reported to the foreman, who thereupon instructed the plaintiff to go to Hennessy, the millwright, and have him make the repairs. The millwright was absent, and then, under like instructions, the plaintiff called upon Smith, the boss carpenter, who came, with two men, to fix the machine. The boss carpenter examined the machine and said that he could not fix it. The plaintiff reported to the foreman, who told him to get Johnson, the head machinist. The plaintiff brought the machinist, who, in the presence of both the foreman and the boss carpenter, worked on the machine, and when he finished, the foreman told the plaintiff that the machine was all right, to go ahead with his work. Meanwhile, and in their presence, the machinist instructed the plaintiff how to shut the power off from the axle of that particular machine without disturbing the others, and also instructed him that if the chain belt came off he was to put it on in a particular manner.

It was about half-past eight when the plaintiff went to work again. About ten o'clock the chain belt came off the lower sprocket wheel. The plaintiff followed the instructions given. He turned off the power by moving the lever to the left, and then fastened the hook to the staple in the wall. While putting on the belt in the manner in which he had been instructed the accident happened. The plaintiff's left hand was caught between the chain belt and the lower sprocket wheel, and the third finger was torn off.

As counsel for the plaintiff in error says, "the pivot of the case" is as to what caused the accident.

The plaintiff's testimony as to the cause of the accident was that one of the bolts which were fastened to the clutch and the lever fell out, and that the vibration of the shafting resulting from the falling out of the bolt jarred the hook out of the staple, and therefore the lever, having a tendency of its own weight to come to a straight up-and-down position, brought the jaws of the revolving sprocket wheel and the sliding clutch together, turning on the power suddenly and

causing the chain to revolve around the lower sprocket wheel. There was a conflict of testimony on this point.

At the close of the plaintiff's case the defendant moved for a nonsuit on the ground that the testimony did not indicate any negligence in the defendant and did establish contributory negligence in the plaintiff. The motion was denied, and that question is here for review.

If the plaintiff's proof that the accident was caused by the falling out of the bolts, which were worn and not in good order, was sustained only by his own testimony, we should have some hesitancy in arriving at the conclusion that there was evidence to go to the jury, but we have the testimony of O'Leary, a fellow-workman, who says that he passed the machine directly after the accident and saw one of the bolts used in connecting the lever and the clutch lying on the floor, and without a nut, and that the thread was badly worn.

In support of the theory that the bolt which dropped out on that Monday was one of the defective bolts which had dropped out on Saturday, and had negligently been put back by the machinist, we have the testimony of the machinist that it was a hasty job; that he did not pay any attention to the bolts, and did not examine them, but confined his attention to the key.

In view of this testimony, the trial judge properly held that facts were established by the evidence from which negligence might be reasonably inferred, and under a charge, in which we find no error, left it to the jury to determine whether, from these facts thus submitted to them, negligence ought to be inferred. The jury determined that the accident happened because of a defect in the machine which reasonable prudence would have remedied.

The plaintiff in error argues that, despite the finding of the jury, there arises a question of law as to whether the defence of common employment was established; that the foreman of the shop, the millwright, the boss carpenter and the machinist were, in fact, fellow-servants of the plaintiff because they did the same kind of work.

The test, however, is not what kind of work they did in

matters other than this repair, nor how they were designated, but whether, in putting the machine in order, they were doing an act in the discharge of the employer's and not the employe's duty. *Steamship Company* v. *Ingebregslen,* 28 *Vroom* 400. In such a case the law makes this corporation defendant liable, and that without regard to the rank or title of the agent entrusted with the performance of the duty, for negligence in respect to such acts and duties as the defendant is required as an employer to perform. The performance of such delegated power by the sub-agent or the employe is the act of the corporation, and it is responsible for its faithful and prudent performance to the same extent as if the service was performed by the highest officer of the company.

We therefore hold that, under the facts in this case, the notice of the defect in the machine given to the foreman was notice to the corporation, and the acts and instructions of the foreman were the authorized acts and instructions of the company. The acts of the millwright, the boss carpenter and the machinist, under the direction of the foreman, in repairing the machine after notice to the foreman of the defect, were acts in the discharge of the employer's, and not the employe's, duty. *Curley* v. *Hoff,* 33 *Vroom* 758 (at *p.* 763).

The plaintiff in error urges that the employer's duty towards his employes of exercising reasonable care for the safety of appliances which he furnished, and to the keeping of such appliances in repair, was fully discharged because a mechanic whose competency was not questioned was employed to do the work, but the answer is that the obligation was a "direct personal and absolute obligation, from which nothing but performance could relieve" the employer.

Since the decision of this court in *Steamship Company* v. *Ingebregsten, supra,* it has been the settled law of this state that non-fulfillment of a positive duty cannot be excused by the delegation of its performance to another, but in such case the principal is held responsible for the negligence of the agent. It is immaterial whether the machinist was a co-employe of the plaintiff, in view of the fact that it was delegated to him to perform the duty of the employer, and therefore

the rule applies that co-service will not defeat the action where the delinquent was discharging one of the personal duties of the employer. *Burns* v. *Delaware and Atlantic Telegraph Co.,* 41 *Vroom* 745 (at *p.* 754).

The other assignments of error disclose no ground for reversal.

The judgment should be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 14.

*For reversal*—None.